UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| OTTO FRANK WILHITE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:07-111-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF RICHMOND, KENTUCKY, | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) | |
| | ) | |

**       **       **       **       **

Before the Court is the motion of Defendant City of Richmond, Kentucky to dismiss the complaint of Plaintiff Otto Frank Wilhite, Sr. [Record No. 3].  Plaintiff has filed a response to this motion [Record No. 4], to which Defendant replied [Record No. 7].  Fully briefed, this matter is ripe for review.

Plaintiff filed his complaint in Madison Circuit Court. Defendant subsequently removed the action to this Court and filed the pending motion to dismiss.  Defendant moves to dismiss Plaintiff's complaint on two grounds, arguing that (1) dismissal is proper because Plaintiff has stated no federal claim and (2) Plaintiff does not have standing to bring the claim.  In the alternative, Defendant requests that this Court exercise its supplemental jurisdiction under 28 U.S.C § 1367 in the event that Defendant's motion to dismiss is not granted in its entirety. After reviewing the record in this case and the arguments advanced by the parties, this Court finds that it lacks subject matter jurisdiction; thus, this Court does not have the authority to grant

or deny a motion to dismiss or to rule on standing.  Consequently,
this Court remands Plaintiff's case to the Madison Circuit Court,
where it was originally filed.

## I. Relevant Facts

The facts are not entirely clear.  In his complaint, Plaintiff
alleges that officers of the Richmond Police Department stopped his
vehicle on November 7, 2006, and confiscated a total of $16,000.00,
$12,255.00 of which was booked into evidence and later transferred
to the United States Department of Justice Drug Enforcement
Administration.  The $12,255.00 was forfeited to the United States
under 19 U.S.C. § 1609.  Plaintiff does not contest the forfeiture
proceeding.  Plaintiff also claims that the officers did $6,000.00
worth of property damage to his vehicle during their search and
seizure of his property.  Finally, Plaintiff demands attorneys'
fees.

## II. Analysis

Pursuant to Article III, Section 1 of the United States
Constitution, this Court must have the authority or competence to
hear each claim before it.  Thus, this Court must first establish
that it has subject matter jurisdiction over a claim before
addressing the merits.  A federal court acquires jurisdiction over
any action that "aris[es] under the Constitution, laws, or
treatises of the United States," known as federal question
jurisdiction.  28 U.S.C. § 1331.  If original jurisdiction is

2

lacking as to an individual claim, then the Court may exercise its supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  Section 1367(a), which codifies the *Gibbs* doctrine, allows this Court to hear a claim which is part of the same "case or controversy" as the original claim.  *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). Under 28 U.S.C. § 1367(c), however, the district court may decline to exercise supplemental jurisdiction over a claim under several enumerated circumstances.

Thus, this Court must maintain either original or supplemental jurisdiction over each claim.  Furthermore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); *see Page v. City of Southfield*, 45 F.3d 128, 132 (6th Cir. 1995) (holding that if a court determines that it lacks subject matter jurisdiction over a case, it can *sua sponte* remand the case to state court at any time prior to final judgment).

At first glance, Plaintiff's complaint appears to allege both state and federal claims.  First, Plaintiff alleges that he was the target of "racial profiling" pursuant to 42 U.S.C. § 1983; second, Plaintiff asserts that the Richmond police wrongfully confiscated and converted his personal property ($16,000.00) and caused $6,000.00 in damage to his automobile in the process. (Compl. ¶¶ 4-8.)  Defendant timely removed this action to federal court based on federal question jurisdiction.

In response to Defendant's subsequent motion to dismiss, Plaintiff stated that "[he] did not bring this cause of action pursuant to 42 U.S.C. § 1983.  Plaintiff merely mentioned the statute . . . to demonstrate that [he] was wrongfully detained and stopped pursuant to racial profiling. . . . [Plaintiff] did not and does not claim damages for his wrongful detention and/or racial profiling."  (Pl. Memo. in Opp. of Mot. to Dismiss at 1.)

This matter is before this Court due primarily to Plaintiff's haphazard presentation of his claims in his complaint.  For example, the complaint states: "Wilhite is black and was driving an expensive Mercedes Roadster.  Officers of the Richmond Police Department, while engaging in racial profiling in violation of 42 United States Code 1983, stopped Wilhite's automobile and made a warrantless search of his automobile.  The search was made unlawfully and without probable cause."  To add to the confusion, Wilhite includes the following paragraph:  "Wilhite demands the return of the $16,000 in currency because it was taken in violation of the Kentucky Constitution, the United States Constitution, the Fifth and Fourteenth Amendments of the United States Constitution, and due process of law."  But in his prayer for relief, Plaintiff does not appear to seek damages for any federal claim but only "demands judgment in the amount of $16,000 in wrongfully converted currency, damage to his automobile in the approximate amount of $6,000, and his attorneys' fees in pursuing this claim."  In

4

response to Defendant's motion, Plaintiff maintains that he has not brought a federal claim against Defendant.

Plaintiff has filed neither a formal motion to amend nor a formal motion to remand. Yet his assertion in his response that he has not brought a federal claim, though contradicted by certain statements in his complaint, essentially asks the Court to allow him to amend his complaint to reflect only state law claims. The Federal Rules of Civil Procedure provide that a party may amend its pleading by leave of court, leave that shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). In *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988), the Supreme Court addressed a defendant's concern that "a plaintiff whose suit has been removed to federal court will be able to regain a state forum simply by deleting all federal-law claims from the complaint," by instructing that "[i]f the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." *Id.* at 357. The court in *State of Tenn. ex rel. Pierotti v. 777 N. White Station Road*, 937 F. Supp. 1296 (W.D. Tenn. 1996) considered whether to allow the plaintiff to amend its complaints to remove federal claims "when it is evident . . . that plaintiff seeks to amend the complaints solely in order to defeat federal jurisdiction in this matter." *Id.* at 1303 (footnote omitted). Cognizant that

5

the plaintiff's "manipulative tactics in this case are inappropriate," the district court nonetheless determined that "they have not adversely impacted defendants' case" and granted the plaintiff's motion to amend. *Id.* at 1308.

In the case *sub judice*, Plaintiff does not explicitly challenge federal jurisdiction, but his assertion in his response that he does not seek relief under § 1983 or any other federal statute speaks for itself. This Court finds that Plaintiff has not attempted to manipulate the forum and is entitled to decide which claims he brings against the defendant; therefore, Plaintiff's case will be remanded for lack of subject matter jurisdiction. As a result, the Court does not reach Defendant's argument that Plaintiff lacks standing and declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

**III. Conclusion**

Accordingly, and for the foregoing reasons, **IT IS ORDERED:**

(1) That the above-styled action be, and the same hereby is, **REMANDED** to the Madison Circuit Court; and

(2) That all pending motions be, and the same hereby are, **DENIED AS MOOT.**

This the 6th day of July, 2007.



**Signed By:**

***Joseph M. Hood***

**United States District Judge**

7